## No. 25297

The Mountain States Telephone and Telegraph Company, a Colorado corporation v. The Public Utilities Commission of the State of Colorado and Henry E. Zarlengo, Howard S. Bjelland, Edwin R. Lundborg, Commissioners; the Staff of Public Utilities Commission of the State of Colorado; Colorado Municipal League; the Secretary of Defense on behalf of the Department of Defense and all other Executive Agencies of the United States; and Control, Inc.

(494 P.2d 76)

Decided February 28, 1972.          Rehearing denied March 20, 1972.

Akolt, Shepherd, Dick & Rovira, T. M. Ledingham, Stuart S. Gunckel, for plaintiff-appellant.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, John E. Archibold, Assistant, for defendants-appellees, The Public Utilities Commission of the State of Colorado and Henry E. Zarlengo, Howard S. Bjelland, Edwin R. Lundborg, Commissioners.

Gorsuch, Kirgis, Campbell, Walker and Grover, Leonard M. Campbell, Howard J. Beck, for defendant-appellee, Colorado Municipal League.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The Mountain States Telephone and Telegraph Company (Mountain Bell) on October 1, 1970 initiated a rate case before the Public Utilities Commission of Colorado (PUC) by filing schedules which increased the rates for telephone service in Colorado. These proposed rates were designed to produce additional revenues of $16,096,000. Mountain Bell was prevented by PUC orders from immediately putting into

effect these increased rates pending the final determination by the PUC of this rate increase request.

In December 1970, Mountain Bell by application to the PUC requested that the additional authorized revenue be increased to $29,957,000. In support of this, Mountain Bell maintained that it was suffering irreparable financial loss because of current confiscatory rates, and that the PUC had refused to allow Mountain Bell to alleviate this condition by putting into effect the increased rates beginning November 1, 1970 and continuing during the pendency of PUC hearings and investigation in the matter of the requested rate increases. Also cited in support of this application for increased revenue was the fact that 1971 was to be a year when Mountain Bell would experience not only rapid expansion but increasing inflation. Because of this, the increased revenue would be required to produce a reasonable rate of return in 1971. It was proposed that the PUC should utilize expense and cost projections in 1971 as a basis for its final rate determination rather than the traditional historic test period.

At the same time, in December 1970, Mountain Bell filed its motion seeking for the second time permission of the PUC to immediately place in effect increased rates under bond subject to refund in the event the rates established by the PUC upon completion of the rate increase proceedings were less than those placed in effect. Hearings were held on this motion. On January 14, 1971, the PUC denied this motion and on February 5, 1971, it denied Mountain Bell's petition for reconsideration of this motion.

The foregoing is a summary of the issues before the PUC and the proceedings which transpired prior to March 5, 1971, when Mountain Bell filed its complaint in the trial court challenging the PUC's refusals to permit it to charge increased rates pending the final determination of Mountain Bell's request for authority to charge higher rates.

Essentially, the complaint alleges that the current rates being charged for phone service are so unreasonably low as to amount to confiscation, and that the PUC's refusals to permit

Mountain Bell to alleviate this situation by immediately charging higher rates pending the completion of the rate case before the PUC are in violation of the due process requirements of the constitutions of the United States and the State of Colorado.

In addition to the procedures and relief contemplated by the provisions of 1969 Perm. Supp., C.R.S. 1963, 115-6-15, Mountain Bell requests that the trial court take additional evidence in order to determine the revenue requirements of Mountain Bell for the year 1971, and that the trial court enter its order permitting Mountain Bell to immediately commence charging rates which would produce $29,957,000 in additional revenue in 1971, such order to be subject to a bond for refund to subscribers in the event it is later determined upon completion of the rate case before the PUC that the rates placed into effect were excessive.

The PUC filed a motion to dismiss Mountain Bell's complaint. The Municipal League of Colorado, which appeared as one of several protestants before the PUC, also filed a motion to dismiss. These motions were granted and judgment of dismissal was entered by the trial court on April 5, 1971. This appeal is from that judgment.

It must now be pointed out that on March 25, 1971, several weeks after this case was commenced in the trial court, the PUC handed down its final order in the rate case. It granted Mountain Bell $11,189,015 in additional revenue resulting in a 11.4 percent rate of return. The rates to produce this additional revenue were put into effect promptly. Thereafter, Mountain Bell commenced another case (Case No. 2) in the trial court. The complaint in Case No. 2 challenges the validity of the rates authorized by the PUC and alleges that these rates are unjust, unreasonable, confiscatory, and therefore, unconstitutional. In its complaint in Case No. 2, Mountain Bell also prays for equitable relief in the form of a preliminary injunction to enjoin the PUC and the other named defendants (which are the same parties named as appellees herein) from interfering with the charging of the higher rates which had been requested by Mountain Bell and

which had been rejected by the PUC. The trial Court, after a hearing, entered a judgment in Case No. 2, refusing the issuance of a preliminary injunction. That judgment was appealed. This Court affirmed the trial court's refusal to grant the preliminary injunction in *Mountain States T. & T. Co. v. Public Utilities Com'n.,* 176 Colo. 457, 491 P.2d 582. A petition for rehearing in that case was denied by this Court on January 3, 1972.

Case No. 2 is presently pending in the trial court for review of the PUC's order authorizing higher rates, and consideration of Mountain Bell's contentions regarding the impropriety, invalidity and unconstitutionality of these rates. Only the preliminary injunction phase of Case No. 2 has now been finally determined.

It is our view that the PUC's order of March 25, 1971, together with the holdings in our decision in *Mountain States T. & T. Co. v. Public Utilities Com'n., supra,* render this appeal moot and that the motions before us for dismissal of this appeal should be granted.

Our decision in *Mountain States T. & T. Co. v. Public Utilities Com'n., supra,* is dispositive of Mountain Bell's claim in the instant case that the trial court erred in not exercising its equity jurisdiction by requiring in effect that the PUC allow the immediate imposition of higher rates because the applicant utility states that the current rates are confiscatory. Refusal by the PUC to allow the imposition of such higher rates pending the completion of the statutory procedures before the PUC does not per se lend validity to the request that the trial court must thereupon exercise its equity jurisdiction in the manner prayed for. Where the statutory procedures before the PUC are not unduly delayed or prolonged, but progress on a prompt schedule as contemplated by law, a trial court should not intervene by entering an order requiring the higher rates requested by the utility pending final PUC determination.

Appeal dismissed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES and MR. JUSTICE LEE not participating.